IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANNY RAY BENNETT, | : |
| Plaintiff, | : |
| v. | : Case No. 5:24-cv-414-TES-AGH |
| OFFICER A.B. SLAYTON DELONG, *et al.*, | : |
| Defendants. | : |

**ORDER & RECOMMENDATION**

Plaintiff Danny Ray Bennett, a prisoner in Macon State Prison in Oglethorpe, Georgia, filed a pro se civil rights complaint under 42 U.S.C. § 1983 in the Northern District of Georgia. ECF No. 1. Plaintiff also filed a "motion for partial summary judgment." ECF No. 2. Thereafter, the Northern District transferred the case to this Court. ECF No. 3.

As an initial matter, Plaintiff has not either paid the Court's $405.00 filing fee for a civil rights complaint or moved for leave to proceed in this action without prepayment of the filing fee. Thus, if he wants to proceed with this action, Plaintiff is **ORDERED** to either pay the $405.00 filing fee or file a proper and complete motion to proceed without prepayment of the fee (*in forma pauperis*). If he files a motion to proceed without prepayment of the fee, Plaintiff must complete the entire *in forma pauperis* application by filling out the motion and declaration as well as submitting "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C.

§ 1915(a)(2).

Additionally, Plaintiff's complaint is not on the required 42 U.S.C. § 1983 form that is designed for use by prisoner litigants. *See* ECF No. 1. It also does not contain a clear and concise statement of the claims that Plaintiff is trying to raise. *See id.*

Therefore, Plaintiff is now **ORDERED** to recast his complaint if he wants to proceed with this action. In his recast complaint, Plaintiff shall clearly identify those individuals he wishes to include as defendants in this case. Plaintiff must then set forth clear and concise allegations regarding what the defendants did or did not do to violate his constitutional rights. With regard to each defendant, Plaintiff must connect that defendant to an alleged constitutional violation. If he does not, Plaintiff's claims against that defendant will be subject to dismissal. Likewise, if Plaintiff asserts a constitutional violation, but does not identify a named defendant as being involved with that violation, that claim will also be subject to dismissal.

In recasting his complaint, it is recommended that Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions?

> If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8.

The recast complaint will supersede or replace the initial complaint. Thus, the Court will not look back to the original complaint to determine whether Plaintiff has stated a claim. Plaintiff should therefore take care to include all relevant factual allegations for any claims that he wishes to raise in his recast complaint.

Plaintiff must file a recast complaint, as set forth above. Thereafter, Plaintiff's complaint will be subject to a preliminary review to determine whether service on any named defendant is appropriate. *See* 28 U.S.C. § 1915A(a) (requiring the Court to screen cases "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity"). Thus, at this point, Plaintiff's motion for partial summary judgment (ECF No. 2) is premature, and it is therefore **RECOMMENDED** that the motion (ECF No. 2) be **DENIED without prejudice to Plaintiff's right to refile the motion at the appropriate time**.

In conclusion, if Plaintiff wishes to proceed with this action, he is **ORDERED** to file a recast 42 U.S.C. § 1983 complaint consistent with the instructions herein and either pay the $405.00 filing fee or file a proper and complete motion to proceed without prepayment of the filing fee. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint and either pay the filing fee or seek leave to proceed *in forma pauperis*. It is also **RECOMMENDED** that Plaintiff's motion for partial summary judgment be **DENIED**.

Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action. Additionally, while this case is pending, Plaintiff must promptly inform the Court in writing as to any change in his mailing address.

The Clerk is **DIRECTED** to forward Plaintiff a blank 42 U.S.C. § 1983 form and a motion to proceed *in forma pauperis,* with the appropriate account certification form, along with his service copy of this order (with the civil action number appearing on all). There shall be no service of process in this case until further order of the Court.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Order and Recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. Plaintiff may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY**

**(20) PAGES**.  *See* M.D. Ga. L.R. 7.4.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. See 11th Cir. R. 3-1.

**SO ORDERED, RECOMMENDED, and DIRECTED**, this 16th day of December, 2024.

                                     s/ *Amelia G. Helmick*
                                   UNITED STATES MAGISTRATE JUDGE